**STATE of Missouri, Respondent,**

v.

**Danny HATCHER, Appellant.**

**Danny HATCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 43619.**

Missouri Court of Appeals,
Western District.

May 12, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., LOWENSTEIN, C.J., and HANNA, J.

BRECKENRIDGE, Presiding Judge.

Danny Hatcher appeals from his conviction for possession of cocaine, § 195.020, RSMo 1986 [1] (repealed) and from the denial of his Rule 29.15 motion for post-conviction relief. In his direct appeal, Mr. Hatcher alleges four points of error, claiming that the trial court erred in: (1) overruling his motion for a new trial because Venireperson Schnelle failed to disclose that she was related by marriage to a witness for the state; (2) failing to *sua sponte* declare a mistrial based upon improper personalization in closing argument by the prosecutor; (3) failing to *sua sponte* declare a mistrial because the prosecutor, in closing argument, misstated the burden of proof; and (4) failing to independently examine Venireperson Swearengen, an acquaintance of defense witness, Penny Bennett. In his appeal from the denial of his Rule 29.15 motion, Mr. Hatcher presents three points, claiming that the motion court clearly erred in its denial of the motion because he was denied effective assistance of counsel in that: (1) defense counsel failed to elicit the relationship of Venireperson Schnelle with a witness; (2) defense counsel failed to object to the state's closing argument; and (3) defense counsel failed to object to the presentence investigation as it was prepared by the niece of the state's witness, Bill Hayes. The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

On June 18, 1989, Corporal David Thomas, a highway patrolman, observed a vehicle driven by the appellant, Danny Hatcher, run a stop sign. Corporal Thomas stopped Mr. Hatcher and parked his patrol car behind Mr. Hatcher's car. He asked Mr. Hatcher for a driver's license and proof of insurance. Mr. Hatcher claimed that Corporal Thomas was drunk. Wanting a witness to the proceedings, Corporal Thomas radioed Morris May, the chief of police of Milan, Missouri. Chief May responded to the call and Corporal Thomas proceeded to arrest Mr. Hatcher. As Mr. Hatcher approached the passenger side of the patrol car, Corporal Thomas saw him make a

1. All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

throwing motion behind him. Investigating, Corporal Thomas found a pill bottle containing a plastic bag and two packets, later found to contain .8 grams of cocaine. A fingerprint on one of the packets containing the cocaine matched Mr. Hatcher's prints.

Mr. Hatcher testified at trial that Corporal Thomas was drunk and abusive and that the pill bottle containing the cocaine was a plant. Penny Bennett, Mr. Hatcher's girlfriend, testified that when she went to the sheriff's office to find out the details of Mr. Hatcher's arrest, Corporal Thomas was abusive to her and exhibited signs of intoxication. A rebuttal witness, Sheriff Bill Hayes of Sullivan County, was called by the state. He refuted Ms. Bennett's account of her encounter with Corporal Thomas.

The jury returned a verdict of guilty. After a presentence investigation, Mr. Hatcher was sentenced to a term of seven years in prison. Mr. Hatcher filed a motion for new trial, claiming that he was prejudiced and denied his right to a fair trial because one of the jurors, Carolyn Schnelle, was related by marriage to Sheriff Bill Hayes, the state's rebuttal witness. Juror Schnelle's son was married to Sheriff Hayes's daughter. After hearing testimony on the matter from Juror Schnelle, the trial court denied Mr. Hatcher's motion for a new trial.

On November 7, 1990, Mr. Hatcher filed a *pro se* 29.15 motion for post-conviction relief claiming ineffective assistance of counsel. An amended motion was filed on January 3, 1991. After an evidentiary hearing, the motion court denied Mr. Hatcher's motion. Mr. Hatcher appeals from his conviction and from the denial of his 29.15 motion.

In his first point on direct appeal, Mr. Hatcher claims that the trial court erred in overruling his motion for a new trial because he was denied his rights to due process, to a fair trial and to a fair and impartial jury in that Juror Schnelle failed to disclose her relationship with Sheriff Bill Hayes. Mr. Hatcher claims that it was error for the trial court to conclude that

defense counsel's questioning was not broad enough to include Juror Schnelle's connection with Sheriff Hayes since other witnesses disclosed relationships far more tenuous. Furthermore, Mr. Hatcher contends that because Sheriff Hayes's credibility was at issue, Juror Schnelle's relationship with him would cause her to credit his testimony over that of Mr. Hatcher and his witnesses.

During voir dire the panel was asked whether there was "any member of the panel who is an employee or who has a family member who is an employee of a law enforcement agency." Venireperson Schnelle did not respond. The panel was never questioned whether they knew Sheriff Hayes; his name was not mentioned. During the hearing on Mr. Hatcher's motion for a new trial, Ms. Schnelle was questioned about her failure to respond. She stated that she did not feel that she was related to Sheriff Hayes and did not consider him to be a family member although her son was married to his daughter. She testified that she did not intentionally conceal the relationship, nor did she hear any questions that she felt required a positive response from her to identify that relationship.

■■■ The right of a defendant to a fair and impartial jury is one of the fundamental principles of the American legal system. *State v. Coy*, 550 S.W.2d 940, 942 (Mo.App. 1977). In order to meaningfully exercise this right, a defendant interrogates prospective jury members in order to reach his own conclusions as to who should sit on that jury. *Id.* It is the duty of each prospective juror to answer the questions propounded to him fully, fairly and truthfully in order that his qualifications be assessed and that the challenges, peremptory or for cause, be utilized intelligently. *Beggs v. Universal C.I.T. Credit Corp.*, 387 S.W.2d 499, 503 (Mo. banc 1965).

■■ The grant of a new trial based upon a juror's failure to answer a question asked during voir dire or on a juror's concealment of a fact lies within the sound discretion of the trial court. *State v. Potter*, 711 S.W.2d 539, 541 (Mo.App.1986). "Every failure of

a potential juror to respond to a question during voir dire does not entitle a defendant to a new trial." *State v. Martin*, 755 S.W.2d 337, 339 (Mo.App.1988). A new trial is merited only where (1) the basis for disqualification is investigated during voir dire, (2) complaining counsel does not have knowledge of the juror's deception, and (3) the juror's concealment of the truth is intentional. *Id.* *See also State v. Shackley*, 750 S.W.2d 99, 101 (Mo.App.1988). The determination of whether a juror intentionally or unintentionally did not disclose matters inquired about on voir dire is within the discretion of the trial court. *Tobb v. Menorah Medical Center*, 825 S.W.2d 638, 643 (WD Mo.App.1992); *Moore v. Jackson*, 812 S.W.2d 240, 243 (Mo.App.1991).

■ The facts of the instant case do not reveal an intentional concealment by Juror Schnelle of her connection to Sheriff Hayes. Sheriff Hayes did not fit in Juror Schnelle's personal definition of family member and the venire panel never had the term "family member" defined for them by counsel. Despite some of the relationships revealed by other members of the panel, the facts do not contradict the findings of the trial court on the record that: (1) the question was not broad enough to include Juror Schnelle's relationship with Sheriff Hayes; (2) Mr. Hatcher's attorney did not know of the relationship; and (3) Juror Schnelle had no intention of deceiving defense counsel by not answering the question. It should also be noted that the question asked by defense counsel was generic; Sheriff Hayes was not mentioned by name during voir dire. There is nothing in the record to establish that Juror Schnelle intentionally concealed information during voir dire and the trial court's decision to believe the juror provides the basis for its overruling Mr. Hatcher's motion for new trial. *See State v. Moutray*, 728 S.W.2d 256, 259 (Mo.App.1987).

Mr. Hatcher also contends in his Point I that Juror Schnelle's relationship to Sheriff Hayes was *per se* prejudicial, rendering her incapable of making a fair and impartial decision in the case. Mr. Hatcher directs attention to § 494.470.1, RSMo Supp.1989, which states:

No witness or person summoned as a witness in any cause, no person who has formed or expressed an opinion concerning the matter or any material fact in controversy in any case that may influence the judgment of such person, and no person who is kin to either party in a civil case or to the injured party, accused, or prosecuting or circuit attorney in a criminal case within the fourth degree of consanguinity or affinity shall be sworn as a juror in the same cause.

Mr. Hatcher's argument fails for the reasons: (1) Juror Schnelle and Sheriff Hayes do not fall within the "fourth degree of consanguinity or affinity"; and (2) Sheriff Hayes is not "the injured party, accused, or prosecuting or circuit attorney in a criminal case." In *State v. Williams*, 650 S.W.2d 642, 643 (Mo.App.1983), the court stated that "friendship with a witness is insufficient to disqualify a venireperson." At the hearing on Mr. Hatcher's motion for new trial, Juror Schnelle testified that hearing Sheriff Hayes's testimony did not in any way change her decision in the case; she would have found Mr. Hatcher guilty even without Sheriff Hayes's rebuttal testimony. The trial court found her testimony to be credible and no abuse of its discretion is found. Mr. Hatcher's Point I is denied.

In Points II and III Mr. Hatcher claims that the trial court erred by not declaring a mistrial *sua sponte* at the end of the state's closing argument because the prosecutor improperly personalized the argument and suggested to the jury a lower level of proof. Mr. Hatcher acknowledges that no objection to the argument was made at trial and review, therefore, is for plain error under Rule 30.20.

■ At the outset, it should be noted that the assertion of plain error relating to matters included in closing argument rarely leads to relief being granted. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986). Trial strategy is a significant consideration and such assertions of plain error are normally denied without comment. *Id.* Proper objection and preservation of claimed

error in a motion for new trial are integral to an equitable review for without these steps sandbagging of the trial court is a possible result. *State v. Lowe–Bey,* 807 S.W.2d 132, 134–35 (Mo.App.1991). A defendant must make a substantial showing that he has suffered manifest injustice from the error in order for this court to reverse. *State v. Bogue,* 788 S.W.2d 772, 775 (Mo.App.1990); *State v. Martin,* 770 S.W.2d 384 (Mo.App.1989). Mr. Hatcher does not make such a showing.

■ The first portion of the complained of argument is characterized by Mr. Hatcher as improper personalization. Relevant portions of the argument are set out below:

> Drugs are a problem in our society today and certainly cocaine is a hard drug that is a problem....
>
>   *   *   *   *   *   *
>
> We have a drug problem in this country; and it's a serious drug problem; and if you believe the evidence in this case, then, you'll believe that we have a drug problem here in Milan, right here in small town U.S.A; and in the second portion of my argument I will discuss more with you the punishment issue of this case, but I feel that first of all there is strong evidence beyond a reasonable doubt of this defendants [sic] guilt; and, secondly, I feel very strongly that somebody who is found to be in possession of cocaine should be given a maximum punishment which is seven ye...s in this case; and in the closing portion of my argument I will ask you for such a verdict....
>
>   *   *   *   *   *   *
>
> Obviously we have a drug problem. We have a defendant who possessed two hits of cocaine right here in Milan, Missouri, in Sullivan County. It's a series [sic] problem, and I'm not suggesting to you that by convicting Dan Hatcher that we're going to win the war against drugs, but there is a war against drugs going on in this country and I think the way you win a war is you fight each battle one at a time and this is obviously a battle.

> It's a good solid drug case, folks, and it's the kind of case that demands a conviction, and I would ask you to convict this defendant and show the people that we don't want to tolerate cocaine in our community, that we don't want our families exposed to this kind of thing. We don't want our children growing up with cocaine, and the way you send that message in a case like this is, first of all, you convict the defendant; and, secondly, you assess the punishment that will get the attention and deter people from bringing drugs into this community. That's what you've got to do, folks. That's what I'm asking you to do. I don't think it's [sic] unreasonable request in this case.

> Number one, I think there's overwhelming evidence of this defendant's guilt; and, number two, possession of cocaine demands in today's society the nature [of] things, strong punishment. I would suggest to you that you have the courage, you have the strength. You've got the evidence before you to convict this defendant. Not only convict him, but give him the maximum sentence, that you will hopefully send a message that we don't want drugs here, don't want cocaine in our society, and hopefully that will help in the war against drugs.

The prosecutor's argument was not improper and does not provide a basis for reversal. The prosecutor's argument was not of the character condemned by *State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.1970), wherein argument that suggested personal danger to the jurors or their families upon acquittal of a defendant was censured. Nor was the argument one in which the prosecutor argued with respect to a defendant's criminal proclivities and the necessity for specifically deterring him from future crimes. *Id.* at 172.

The closing argument in the instant case was of the same type found permissible in *State v. Holt,* 660 S.W.2d 735, 738 (Mo.App. 1983), wherein the prosecutor "argued the necessity for law enforcement, the prevalence of crime in the community, the personal safety of its inhabitants, and the duty of the jury to convict defendant to prevent

crime." Closer still is the argument permitted in *State v. Williams*, 747 S.W.2d 635, 638 (Mo.App.1988), in which the prosecutor argued, "You're the victim; I'm the victim; we're the victims; society is the victim out there. Drugs are ruining this country. They're going to be the downfall of this country."

Mr. Hatcher further argues that the prosecutor's closing argument contained an improper definition of reasonable doubt and lowered the state's burden of proof, conflicting with the court's instruction to the jury that appellant should only be convicted if they were firmly convinced of his guilt. Mr. Hatcher claims that it was error for the trial court not to declare a mistrial *sua sponte* in response to the prosecutor's remarks. Mr. Hatcher complains of that portion of the prosecutor's argument which states:

> [I]n today's society, the danger is not really of letting too many innocent men going free but the danger in our society is that someone who is guilty, someone who has a strong case against them, might get off because of some technicality, because the jury may not have been sure. . . .

Mr. Hatcher takes this remark out of context, however. The prosecutor in the instant case was not suggesting that reasonable doubt was a technicality or that the jury should disregard the reasonable doubt standard. Instead, the prosecutor's argument, in context, was that Mr. Hatcher was guilty beyond a reasonable doubt. The portion of the prosecutor's closing argument discussing the burden of proof reads:

> Now, then, when a jury has a case like this where there is strong evidence and you know the terms "reasonable doubt" is tossed around alot [sic], oh, my gosh, reasonable doubt, that's really something; and that's really something. It's a strong burden, and I present to you that we met that burden. But if you look at Instruction No. 4, proof beyond a reasonable doubted [sic] is proof that leaves you firmly convinced of a defendant's guilt. The law does not require

proof that over comes [sic] every possible doubt.

> I suggest to you in this case, folks, that we have met this burden and gone beyond that burden. There can be very little doubt in this case that Danny Hatcher possessed this cocaine.

> \*     \*     \*     \*     \*     \*

> . . . I would suggest to you, folks, that when the jury is given strong evidence like this in today's society, the danger is not really of letting too many innocent men going free but the danger in our society is that someone who is guilty, someone who has a strong case against them, might get off because of some technicality, because the jury may not have been sure; and I don't want this jury to feel this way; and I hope you don't go home tomorrow and feel bad about a result I may have made, because there is no doubt in this case folks; and I would suggest to you that it's a case where you must find this defendant guilty. . . .

It is not considered error for counsel to make reference to or to talk about reasonable doubt. *State v. Ternetz*, 740 S.W.2d 713 (Mo.App.1987). The challenged remarks constituted a permissible discussion of reasonable doubt; they did not misdefine reasonable doubt or imply a burden less than that employed by law. *See State v. Counts*, 671 S.W.2d 818, 820 (Mo.App. 1984). In the argument in the case at bar the prosecutor was telling the jury that the state had met its burden. Mr. Hatcher's Points II and III are denied.

In Point IV Mr. Hatcher claims that the trial court plainly erred by failing to independently examine Venireperson Diana Swearengen. Ms. Swearengen stated during voir dire that she was acquainted with defense witness Penny Bennett and that this acquaintanceship "possibly could" affect her ability to be fair. No further inquiry was made by the trial court or by counsel. Neither party challenged Venireperson Swearengen for cause and she was seated as a part of the jury at Mr. Hatcher's trial.

Once again review is done under the plain error standard under Rule 30.20. Reversal will only be had "when the appellate court finds that manifest injustice or miscarriage of justice has resulted therefrom...." *State v. Johnson*, 637 S.W.2d 290, 291 (Mo.App.1982).

■ Although the trial court had the authority to excuse a juror on its own initiative, it did not have a duty requiring it to do so. *Presley v. State*, 750 S.W.2d 602, 608 (Mo.App.1988). Furthermore, the record does not reveal that there was any manifest injustice that occurred by having Ms. Swearengen seated on the jury. This is especially true since Ms. Swearengen was acquainted with a defense witness with whom she visited occasionally. Any potential for prejudice or bias could possibly work against the state and in favor of Mr. Hatcher due to the relationship between the defense witness, Penny Bennett, and Ms. Swearengen. Mr. Hatcher has failed to prove manifest injustice. Point IV is denied.

The next three points relate to Mr. Hatcher's appeal from the denial of his Rule 29.15 motion for post-conviction relief due to ineffective assistance of counsel. In Point V Mr. Hatcher claims that the motion court erred in denying his 29.15 motion because trial counsel was ineffective in failing to sufficiently question the venirepersons on voir dire to elicit that Venireperson Schnelle had a family relationship with the state's rebuttal witness, Sheriff Hayes.

Appellate review of the trial court's disposition of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The motion court found that "Carolyn Schnelle was not prejudiced in her consideration of this case by Bill Hayes being a witness and sheriff of Sullivan County, Missouri," and thus Mr. Hatcher was not thereby prejudiced. This finding was not clearly erroneous.

■ In order for a movant to prevail on an ineffective assistance of counsel claim, it must be shown that (1) counsel's performance was deficient and (2) that this deficiency prejudiced movant's defense.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Both of these prongs must be satisfied for movant to prevail. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ In the instant case, Mr. Hatcher cannot pass the *Strickland* test as he can show no prejudice flowing from counsel's failure to elicit the relevant information. Ms. Schnelle testified at Mr. Hatcher's 29.15 evidentiary hearing. The motion court found Ms. Schnelle to be a credible witness. The same judge presided over both Mr. Hatcher's trial and over the evidentiary hearing on his Rule 29.15 motion and thus is in a better position than is this court to assess the credibility of Juror Schnelle. *See State v. Wells*, 804 S.W.2d 746, 749 (Mo. banc 1991). Point V is denied.

■ In Point VI, Mr. Hatcher challenges the motion court's denial of his Rule 29.15 motion, claiming that it clearly erred because trial counsel was ineffective in failing to object to references in the state's closing argument regarding the war on drugs and to the state's comments on its burden of proof. Mr. Hatcher's trial counsel testified at the evidentiary hearing that he did not object to the prosecutor's closing argument for strategic reasons, fearing it might draw closer attention to the prosecutor's remarks. He also explained that frequent objections to the prosecutor's argument would likely result in frequent objections by the prosecutor to his own argument. Furthermore, as discussed *supra*, the prosecutor's argument fell within the permissible boundaries of closing argument. Counsel cannot be faulted for making non-meritorious objections. *Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989), *cert. denied*, ⸺ U.S. ⸺, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Point VI is denied.

■ In his final point, Point VII, Mr. Hatcher claims that the trial court erred in denying his Rule 29.15 motion because the presentence report in the instant case was prepared by Julie Pryor, a niece of the state's witness, Sheriff Bill Hayes. He claims that counsel was ineffective in failing to object to and call the sentencing

court's attention to these circumstances. Mr. Hatcher questions the impartiality of Julie Pryor.

Julie Pryor testified at the evidentiary hearing. She stated that she was one of Sheriff Hayes's nieces and guessed that Sheriff Hayes had around 35 to 40 nieces and nephews. She further testified that she was in no way influenced by the relationship in preparing the report. Although it appears that Mr. Hatcher knew that Ms. Pryor was Sheriff Hayes's niece, there is nothing in the record to show that his trial counsel did. Nor does Mr. Hatcher prove the prejudice required by *Strickland.* No copy of the presentence report has been filed with this court. Mr. Hatcher fails to demonstrate that anything in the report was false or show how the result would be different had it been prepared by a probation and parole officer not related to Sheriff Hayes. Point VII is denied.

The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

All concur.