STATE of Missouri, Plaintiff–
Respondent,

v.

Charles Edward SMITH, Defendant–
Appellant.

Charles Edward SMITH,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17606, 18739.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 10, 1994.

Motion for Rehearing or Transfer
to Supreme Court Denied
Jan. 31, 1994.

Application to Transfer Denied
March 22, 1994.

---

John A. Klosterman, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of trafficking drugs in the second degree, as alleged in Count I of the information, and distribution of a controlled substance near schools, as alleged in Count II of the information, and he was sentenced to 18 years' imprisonment on each offense, the sentences to run concurrently. Defendant appeals, and that appeal is Case No. 17606. After the jury trial, defendant filed a motion under Rule 29.15,[1] seeking post-conviction relief. The trial court sustained the motion with respect to the conviction on Count I and vacated that conviction. The trial court, without evidentiary hearing, denied the motion with respect to the conviction on Count II. Defendant's appeal from that denial is Case No. 18739. The appeals have been consolidated and will be dealt with separately in this opinion.

### Appeal Number 17606

Defendant contends that the trial court committed plain error, (a) in "permitting" the prosecutor to make an improper final argument, and (b) in giving Instruction 4 which defined "reasonable doubt."

Neither of defendant's allegations of error was raised at trial or included in his motion for new trial, and neither was preserved for appellate review. Rule 29.11(d). Defendant requests review under Rule 30.20 which authorizes this court, in its discretion, to consider plain errors affecting substantial rights when this court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Defendant does not challenge the sufficiency of the evidence to support the verdict on

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Count II.[2] The state's evidence showed that on December 11, 1989, as charged in Count II of the information, defendant sold cocaine to Terry Webster, who was working undercover for a law enforcement group known as the Bootheel Drug Task Force which operated in Pemiscot County. Webster paid defendant $200 in marked $20 bills provided Webster by Officer Rodney Ivie. The sale was made at defendant's residence, which was "well under 1,000 feet" from Washington Junior High School in Caruthersville. A chemist identified the purchased substance as cocaine. A few hours after the sale, defendant was arrested after Officer Ivie stopped the vehicle defendant was driving. Seven of the $20 bills were found on his person.

Immediately following the arrest, Officer Ivie obtained a search warrant, and defendant's residence was searched. For the defense, defendant's wife Carol Smith testified that she was present inside the house during the search. Her 13–year–old son and her 9–year–old son were there. She testified that Officer Ivie asked her where the cocaine was and told her that her children would be taken from her if she didn't tell him. She said that Ivie said they were going to tear the walls out because "they knew it was there." She said that no cocaine was found.

■ Defendant's first point is that the trial court committed plain error in permitting the prosecutor to make a final argument "which personalized the crime to the jury," and which "was calculated to have the jury decide the case on the basis of emotion rather than logical inferences of the facts." The statement of facts portion of defendant's brief does not set forth any of the challenged argument, and the brief is accordingly deficient. The argument portion of defendant's brief sets forth lengthy excerpts from the prosecutor's argument.

No precedential purpose would be served by setting forth the challenged portions.

They appeal to the jury to "set the standard for Dunklin County of what Dunklin County people do with cocaine sellers." In *State v. Hatcher,* 835 S.W.2d 340 (Mo.App.1992), a similar argument, challenged as "improper personalization," was held not to constitute plain error under Rule 30.20. See also *State v. Pate,* 859 S.W.2d 867, 871–872[7] (Mo.App. 1993). Defendant's first point has no merit.

Defendant's second point is that the trial court erred in giving Instruction 4, based on MAI–CR.3d 302.04, in that the instruction erroneously defined "reasonable doubt." In *State v. Blankenship,* 830 S.W.2d 1, 13[14] (Mo. banc 1992), the court rejected the same contention and said that the instruction has been repeatedly upheld. Defendant's second point has no merit.

The judgment with respect to Count II of the information is affirmed.

## Appeal Number 18739

The trial court, without evidentiary hearing, sustained movant's Rule 29.15 motion with respect to the conviction on Count I and vacated that conviction. The state did not appeal from the order vacating the conviction on Count I. Movant appeals from the denial of the motion with respect to the conviction on Count II. Some of the facts dealing with that conviction are set forth earlier in this opinion.

Movant asserts that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied his right to effective assistance of counsel in that his attorney at the jury trial "failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances by eliciting, during cross-examination of Officer Ivie, evidence of crimes for which [movant] was not on trial."

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of wheth-

**2.** In the post-conviction proceeding, the trial court vacated the judgment on Count I. The state did not appeal from that ruling. "An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment for purposes of appeal by the movant or the state." Rule 29.15(j). In *State v. Wells,* 804 S.W.2d 746 (Mo. banc 1991), and *Kelly v. State,* 784 S.W.2d 270 (Mo.App.1989), such an appeal by the state in a Rule 29.15 proceeding was entertained.

er the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

"In order to prevail on [a claim of ineffective assistance of counsel], the movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and second, movant must show that he was thereby prejudiced. There is a strong presumption that the attorney's conduct was proper."

*Leisure v. State,* 828 S.W.2d 872, 874[2] (Mo. banc 1992).

To demonstrate prejudice, the movant must show that the attorney error changed the outcome of his trial. *State v. Shire,* 850 S.W.2d 923, 933[17] (Mo.App. 1993); *Kennedy v. State,* 771 S.W.2d 852, 857 (Mo.App.1989). The movant must also overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Shire,* at 933, citing *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Movant's contention is based upon the following portion of the cross-examination of Officer Rodney Ivie by movant's counsel at the jury trial: [3]

Q. Did you find any cocaine in the vehicle that he was in?

A. No, sir.

Q. Then after that I believe your testimony was maybe 15 minutes later you searched his house?

A. Yes, sir.

Q. Did you find any cocaine in his house?

A. No, sir.

Q. Who was the first person that went into Charles Smith's house when you went to search it?

A. I don't remember.

Q. At the time you first went to search it did you have a search warrant?

A. At 9:30, yes, sir.

Q. Now, after failing to locate any drugs at Charles Smith's house did you talk with his wife?

A. We found drugs at the house.

Q. When you searched Charles Smith's house you found what?

A. Marijuana.

Q. Did you find any cocaine?

A. No, sir.

Q. When you first went into Charles Smith's house who was in there?

A. His family was.

In its order denying movant's motion, the trial court, referring to the foregoing cross-examination, said: "Following this exchange the attorney immediately proved by further cross-examination that several other persons resided at the residence. There is no showing that the question asked by movant's counsel fell below acceptable standards or that the outcome of movant's trial was altered by this piece of testimony."

This court holds that the foregoing findings and conclusions of the trial court are not clearly erroneous.

The record on appeal supports the following statements contained in the state's brief as respondent:

In addition, there was overwhelming evidence of movant's guilt as to the crime charged. Webster testified that a sale occurred between movant and himself. Webster went into movant's house with $200 and came out with cocaine. Finally, eight of the ten $20 bills were found on movant or in his home within hours of the sale. This is not mere coincidence but is strong evidence of movant's guilt. Thus, movant could not have been prejudiced by the testimony regarding the marijuana found in the search of movant's house.

The offense on trial involved cocaine. Defense counsel elicited from Officer Ivie that no cocaine was found by Ivie in defendant's car or in his house. Counsel then asked, "Now, after failing to locate any drugs at Charles Smith's house, did you talk with his wife?" That question, at least arguably, con-

---

**3.** On this appeal, movant attempts to complain of trial counsel's ineffectiveness with respect to the admission of other evidence. That complaint was not contained in movant's Rule 29.15 mo-

tion and may not be asserted initially in this court. *State v. Twenter,* 818 S.W.2d 628, 641 (Mo.banc 1991); Rule 29.15(d).

tained a reference to favorable evidence previously elicited and then asked about a conversation. Officer Ivie's answer was non-responsive to the specific question but was responsive to the preliminary remark contained in the question. To soften that unwanted answer, counsel followed up with questions showing that no cocaine was found in the house and that there were other occupants.

Trial lawyers know that not every answer elicited on cross-examination of an adverse witness is certain to be favorable. Counsel here was confronted with an answer which was unresponsive, at least in part, and he sought to make the best of it. The trial court could properly conclude, as it did, that the incident did not affect the outcome of the trial.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.