STATE of Missouri, Respondent,

v.

Kevin Wayne ROBERTS, Appellant.

Kevin Wayne ROBERTS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 46219, WD 47543.

Missouri Court of Appeals,
Western District.

April 5, 1994.

William D. Rotts, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and
BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

Kevin Roberts appeals from his conviction for delivery of a controlled substance, § 195.-211, RSMo Cum.Supp.1993, and from the denial of his Rule 29.15 motion for post-conviction relief. In his direct appeal, Mr. Roberts alleges that the trial court erred in: (1) overruling his motion for a new trial because of prosecutorial misconduct with regard to alleged misrepresentation of material facts to the jury in the prosecutor's closing argument; and (2) excluding the testimony of Michael Wallerstein and a tape recording experiment conducted by Michael Wallerstein, George Wright, and Mr. Roberts. In his appeal from the denial of his Rule 29.15 motion, Mr. Roberts claims that the motion court clearly erred in its denial of the motion because he was denied effective assistance of counsel in that: (1) defense counsel failed to make a reasonable investigation into his case and adequately prepare for trial; (2) defense counsel failed to timely disclose the names of witnesses and the nature of their testimony upon the State's discovery request; (3) defense counsel failed to oversee the conducting of an experiment and lay the proper founda-

tion for admission of the experiment in evidence; and (4) defense counsel failed to object to a misstatement of material fact in the State's closing argument. The judgment of conviction and the denial of the post-conviction motion are affirmed.

On August 25, 1990, Brian K. Wilson, an officer with the Missouri Highway Patrol's Drug and Crime Control Division was working undercover at a bar in Columbia, Missouri, when he was introduced to Mr. Roberts, an employee of the bar. Mr. Roberts approached Trooper Wilson and asked him what he wanted, to which Trooper Wilson responded that he "needed an eighth." An "eighth" is a slang term for an eighth of an ounce of cocaine. Mr. Roberts left the bar to "go get it." He returned to the bar approximately 20 minutes later.

When Mr. Roberts returned to the bar he told Trooper Wilson to go with him to the men's bathroom. Once in the bathroom, Trooper Wilson and Mr. Roberts entered a toilet stall, which Mr. Roberts locked. While they were in the stall, Mr. Roberts handed Trooper Wilson a small envelope containing a half gram of cocaine and a clear plastic bag containing another half gram of cocaine. After paying Mr. Roberts $100 in cash for the cocaine, Trooper Wilson placed the bags in his pocket until he could leave the bar. Subsequent tests by the State Patrol's laboratory in Jefferson City revealed that they contained exactly one gram of cocaine. At trial Trooper Wilson testified that "there was no question at all" that Mr. Roberts was the individual who sold him the cocaine.

The jury returned a verdict of guilty. Mr. Roberts was sentenced to a seven-year term of imprisonment as a prior offender under § 558.016.2, RSMo 1986. After the denial of his motion for a new trial, Mr. Roberts filed a timely notice of appeal from the conviction. On August 13, 1992, Mr. Roberts filed a Rule 29.15 motion for post-conviction relief claiming ineffective assistance of counsel. After an evidentiary hearing, the motion court denied Mr. Roberts' motion. Mr. Roberts appeals the denial of his Rule 29.15 motion, which is consolidated with his direct appeal in this proceeding.

■ In his first point on direct appeal, Mr. Roberts claims that the trial court erred in denying his motion for a new trial because he was denied the right to a fair trial and prejudiced when the prosecutor misrepresented material facts in the State's closing argument. The facts relevant to this contention relate to an injury suffered by Mr. Roberts five weeks before the events from which the criminal charge against Mr. Roberts arose. Mr. Roberts was involved in an altercation on July 19, 1990, during which a beer bottle was smashed over his right ear. Mr. Roberts presented the testimony of Steve Callis that, as a result of an injury from the assault, Mr. Roberts wore a bandage over his ear on August 25, 1990. Mr. Roberts' defense at trial was that he was incorrectly identified as the man from whom Trooper Wilson purchased the cocaine, because Trooper Wilson testified that the seller of the cocaine did not have a bandage over his ear. In his closing argument, the prosecutor stated:

> This thing with the ear pad. Where is the evidence of that? The only person who's told you that is Steve Callis. You've no doctor's testimony. You've no medical records. All the things which were available to the defense to bring to you, you don't have them because they don't exist.

Mr. Roberts contends that this portion of the prosecutor's argument asserts that Mr. Roberts' injury was fabricated and that medical records never existed.

Mr. Roberts made no objection at trial to the claimed misstatement. "[A]lleged errors not objected to at trial are waived and cannot be subsequently resurrected successfully in a motion for a new trial or via a point raised on appeal." *State v. McMillin*, 581 S.W.2d 612, 616 (Mo.App.1979) (citation omitted). *See also State v. McBride*, 685 S.W.2d 953, 955 (Mo.App.1985). Therefore, if this point is to be reviewed at the appellate level, it must be as a matter of "plain error."

■ Rules 29.12(b) and 30.20 combine to create a "plain error rule," under which errors manifestly affecting substantial rights may be reviewed by the appellate court to determine if manifest injustice has occurred, even if there was no objection to the alleged error in the trial court. However, "the as-sertion of plain error relating to matters included in closing argument rarely leads to relief being granted." *State v. Hatcher*, 835 S.W.2d 340, 343 (Mo.App.1992) (citing *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986). There is no plain error manifestly affecting Mr. Roberts' substantial rights to justify conducting a review for manifest injustice. A discussion of the issues raised in Mr. Roberts' point I is required, however, because he claims in point III that failure to object to the alleged misstatement of fact was ineffective assistance of counsel.

■ Mr. Roberts complains that the State's argument in its closing that his injury was fabricated and medical records never existed was a "clear misrepresentation of fact." It is permissible for counsel to make reasonable inferences from the evidence in arguments. *State v. Martin*, 852 S.W.2d 844, 853 (Mo.App.1992); *State v. Allen*, 829 S.W.2d 524, 528 (Mo.App.1992). Since Mr. Roberts did not introduce medical evidence supporting his claim that his ear was still bandaged on the night of the drug transaction, it would usually be reasonable for the prosecutor to infer that such evidence did not exist. Mr. Roberts contends, however, that regardless of whether the evidence or lack thereof supports such an inference, the prosecutor had independent knowledge of the falsity of his statements. Representations in the State's closing argument, known by the prosecutor to be false, can result in manifest injustice to a criminal defendant and require reversal. *State v. Hammonds*, 651 S.W.2d 537, 539 (Mo.App.1983).

The prosecutor was the same person who prosecuted the man charged with assaulting Mr. Roberts and the prosecutor acknowledged that he had a bill for the medical care Mr. Roberts received for his injury in his files from the prior assault prosecution. Therefore, Mr. Roberts claims it was prosecutorial misconduct for such prosecutor to argue that Mr. Roberts had not been injured and that there were no medical records evidencing his injury when he knew otherwise. The State countered Mr. Roberts' claim of an intentional or negligent misstatement by presenting evidence at the hearing on the motion for new trial. Such evidence was that

the records in the prosecutor's file were an account summary indicating that Mr. Roberts received $300.17 of medical care at a hospital and a letter from Mr. Callis stating that Mr. Roberts was hurt outside of the Silver Bullet Lounge and he had $137.50 worth of damages. The prosecutor had personally handled 836 felony cases between the case of the person who assaulted Mr. Roberts and the trial of the instant case, and claimed that he had no recollection of the bill for medical care from the prior case.

■ Mr. Roberts' claim of a misstatement of fact is without merit. The prosecutor's argument was merely that there was no medical evidence of a bandage on Mr. Roberts' ear, not that there was no medical evidence of an injury to his ear. As further discussed in point III, at no time has Mr. Roberts come forward with any evidence from a doctor or medical record which would corroborate his claim that his ear was bandaged on August 25, 1990. It is permissible for a prosecutor to comment on a defendant's failure to offer evidence, *State v. Tolliver*, 839 S.W.2d 296, 300 (Mo. banc 1992), and to "argue an adverse inference from a defendant's failure to produce evidence which could be reasonably expected to be in the defendant's favor." *State v. Perry*, 820 S.W.2d 570, 574 (Mo.App. 1991). There is no error in the prosecutor's closing argument, plain or otherwise. Point I is denied.

■ In his second allegation of error by the trial court, Mr. Roberts contends that the trial court erred in excluding the results of an experiment conducted out of court on behalf of Mr. Roberts' defense and the testimony of Michael Wallerstein regarding the experiment. In an attempt to prove that Trooper Wilson could have tape-recorded the drug sale had he so desired, Michael Wallerstein and George Wright tape-recorded a conversation in the restroom of the bar where the incident occurred.

■ Evidence of experiments conducted out of court are admissible, within the discretion of the trial court, "if it is shown that the experiments were conducted under conditions substantially similar in essential particulars to the conditions prevailing at the time of the occurrence in suit." *State v. Starr*, 676 S.W.2d 311, 314 (Mo.App.1984). Mr. Roberts made no showing that the type of music being played in the bar during the experiment was the same volume and style as it was on the night in question, or that the bar was as crowded as it was on August 25. Mr. Roberts presented no evidence that the recording equipment used by Mr. Wallerstein and Mr. Wright was similar to the equipment that Trooper Wilson would have used. Moreover, when the experiment was conducted, Mr. Wallerstein held the recorder outside his jacket, rather than inside his clothing as Trooper Wilson would have had to have done. Obviously, the conditions of the night of the drug sale at the bar were not duplicated in this experiment.

Since Mr. Roberts failed to establish substantially similar conditions, the trial court did not err in refusing to admit evidence of or testimony concerning the experiment. "[The] admissibility of experimental evidence is within the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion." *Turner v. Fuqua Homes, Inc.*, 742 S.W.2d 603, 614 (Mo.App. 1987) (citing *Klein v. General Elec. Co.*, 714 S.W.2d 896, 904 (Mo.App.1986)). Clearly, the trial court, in abiding by established case law, can in no way be accused of abusing its discretion. Point II is denied.

■ Mr. Roberts' third point on appeal relates to the denial of his Rule 29.15 motion for post-conviction relief due to ineffective assistance of counsel. Mr. Roberts claims that his counsel was ineffective in failing to present medical testimony or records showing that Mr. Roberts' ear was bandaged on the day of the drug transaction, failing to disclose Michael Wallerstein as a potential witness, failing to oversee and lay a proper foundation for the experiment and failing to object to a portion of the State's closing argument. The motion court's denial of Mr. Roberts' Rule 29.15 motion was not clearly erroneous and must be affirmed.

■ Appellate review of the trial court's disposition of a Rule 29.15 motion is limited to a determination of whether the findings

and conclusions of the trial court are clearly erroneous. *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); *State v. Twenter,* 818 S.W.2d 628, 635 (Mo. banc 1991); Rule 29.15(j). "Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985)).

■ In order for a movant to prevail on an ineffective assistance of counsel claim, it must be shown that (1) counsel's performance was deficient and (2) that this deficiency prejudiced movant's defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Both of these prongs must be satisfied for movant to prevail. *Sanders,* 738 S.W.2d at 857. The movant must show that the counsel's performance was constitutionally deficient in that he or she "made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In all three instances where Mr. Roberts claims his counsel was ineffective, Mr. Roberts does not meet his burden under *Strickland.*

■ Mr. Roberts' first claim of ineffective assistance of counsel is that his trial counsel failed to adequately investigate his case and prepare for trial. In order to successfully argue that trial counsel was ineffective for failing to investigate a witness or other evidence, the movant must show: 1) the specific information counsel failed to discover; 2) that reasonable investigation would have uncovered the information; and 3) that the information, once discovered, would have aided movant by providing him with a viable defense. *Fox v. State,* 819 S.W.2d 64, 66 (Mo.App.1991); *Jenkins v. State,* 788 S.W.2d 536, 540 (Mo.App.1990).

Trial counsel was not ineffective for failing to present witnesses or medical records to prove that Mr. Roberts' ear was still bandaged on August 25, 1990, because his medical records from July 19, 1990, and the deposition of his treating physician show that there was "no medical reason" for Mr. Roberts to have been wearing a bandage on his ear more than a month after the stitches had been removed. Although a medical record from July 24, 1990 noted the perforation of Mr. Roberts' tympanic membrane, it did not reference the bandaging of his ear. The record for July 24th included the "disposition" that he was scheduled to return to the clinic on Thursday (July 26th) for "audio." Mr. Roberts did not produce a deposition or testimony from the attending physician on July 24th or any evidence concerning his appointment on July 26th. The evidence Mr. Roberts produced at the motion hearing does not support his contention that his ear was bandaged for medical reasons, but rather contradicts such contention. Mr. Roberts has not shown that his counsel failed to investigate and present information which would have provided him with a viable defense.

■ Mr. Roberts also alleges that his trial counsel was ineffective in failing to disclose Michael Wallerstein as a potential witness, oversee the tape recording experiment, and lay a proper foundation for the admission of the experiment in evidence. It may be that trial counsel was deficient for failure to disclose a potential witness, but Mr. Roberts does not prove that this deficiency resulted in prejudice. As held in point II, the experiment was not admissible evidence since the conditions of the experiment were not substantially similar to those of the drug transaction. Therefore, the trial counsel's failure to disclose the witness and his alleged failure to lay a foundation were not prejudicial.

■ Nor does Mr. Roberts prove that he was prejudiced by trial counsel's failure to supervise the manner in which the experiment was conducted. Mr. Roberts did not present evidence to show what the results of the experiment would have been if it had been performed under conditions substantially similar to the drug transaction. Without knowledge of the results of such an experiment, there was no showing that the results

of the experiment would have provided Mr. Roberts with a viable defense or that trial counsel's failure to investigate and present such evidence was detrimental to Mr. Roberts.

█ In his final contention with regard to ineffective assistance of counsel, Mr. Roberts challenges the motion court's denial of his Rule 29.15 motion, claiming that it clearly erred because trial counsel was ineffective in failing to object to statements in the State's closing argument that no medical evidence existed to support Mr. Roberts' contention that his ear was still bandaged on the night of August 25, 1990. As discussed supra, the challenged statements in the closing argument were not misstatements of fact. Counsel cannot be faulted for failing to make non-meritorious objections. *Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). The motion court's denial of Mr. Roberts' 29.15 post-conviction motion is not clearly erroneous. Point III is denied.

The judgment of conviction and the denial of the post-conviction motion are affirmed.

All concur.