**STATE of Missouri, Respondent,**

v.

**Derrick HOWARD, Appellant.**

**Derrick HOWARD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 63087, 67079.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

S. Paige Canfield, Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David J. Hansen, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Derrick Howard (Howard) appeals after he was tried by a jury, convicted and sentenced for sale of a controlled substance under § 195.020 RSMo 1986. He also appeals a denial of Rule 29.15 relief after an evidentiary hearing. We affirm.

The state proved the charge of sale of cocaine principally with the testimony of police officers. One of the officers testified a confidential informant contacted him. The informant told him Howard was selling cocaine at the Denny's restaurant where Howard worked as a cook. The informant then arranged for a drug transaction to take place at Howard's work place.

Later that day, several officers and the informant went to the restaurant. The informant and an undercover narcotics agent approached Howard. Howard asked the informant how much cocaine he wanted to buy, then opened his car trunk and removed a small bag containing cocaine. The three walked back into the restaurant where Howard handed the informant the cocaine-filled bag. The informant gave the bag to the agent. At that time, the agent handed the informant $150 to give to Howard. Labora-

tory testing confirmed the bag contained .94 grams of cocaine.

At trial, another police officer corroborated the undercover agent's testimony and identified Howard as the person he saw in a Denny's uniform selling cocaine. Howard also testified. He testified he personally knew the informant because they were classmates in high school. He acknowledged using cocaine when he could afford it, but, denied ever selling cocaine to anyone.

Howard subpoenaed the informant and requested he be called as a witness. The informant appeared with counsel and notified the court he would assert his Fifth Amendment privilege against self-incrimination if called as a witness. The court rejected Howard's request because it found it would be prejudicial to require the informant to invoke his privilege before the jury.

■ Howard asserts two points on direct appeal. First, he contends the court erred in allowing the undercover agent to testify regarding statements made by the informant because they were matters of hearsay. He claims the hearsay deprived him of his Sixth Amendment right to confront the informant. Howard argues the following testimony by the undercover agent on direct examination was hearsay:

Q. [by prosecutor] And on May 12, 1989, were you contacted by a confidential informant?

A. Yes, sir.

Q. Who was that confidential informant?

A. [M.D.]

Q. And what did he tell you?

[defense counsel]: Your Honor, I'm going to object at this time because [M.D.] is under subpoena and we perhaps should wait as to what his testimony may be.

[prosecutor]: Goes to the officer's state of mind, Your Honor.

THE COURT: It's overruled. Go ahead.

[prosecutor]: Thank you.

Q. [by prosecutor] What did [M.D]. tell you?

A. He just advised me that he knew of a subject which (sic) was selling cocaine.

Q. Did he tell you the subject's name?

A. Yes.

Q. And what name did he give you?

A. Derrick Howard.

Q. And did he tell you where that was going to—where that would take place?

A. Yes.

[defense counsel]: Your Honor, I'd like to make a continuing objection as to statements of [M.D.]

THE COURT: Noted and overruled.

Q. [by prosecutor] Where did he indicate that this buy was to take place?

A. He advised me that it would probably take place at where the subject worked at the time because usually he worked on those hours....

Howard's trial counsel did not preserve this issue for appeal because he failed to make timely and sufficiently specific grounds for the objection. *See State v. Fleer*, 851 S.W.2d 582, 592 (Mo.App.E.D.1993); *State v. Lowe–Bey*, 807 S.W.2d 132, 134 (Mo.App. 1991). Thus, our review is limited to plain error. *Id.;* Rule 30.20.

■ The testimony was not plain error. Nor was it inadmissible as hearsay. Out-of-court statements that explain subsequent police conduct are admissible to supply relevant background and continuity. *State v. Dunn*, 817 S.W.2d 241, 243 (Mo. banc 1991). They are also admissible for non-hearsay purposes to show why an investigation focused on a defendant. *State v. Anderson*, 862 S.W.2d 425, 433 (Mo.App.E.D.1993). Testimony admitted under an exception to the hearsay rule, does not deprive a defendant of his Sixth Amendment rights. *Dixon v. State*, 763 S.W.2d 204, 207 (Mo.App.1983).

Furthermore, there is ample evidence to corroborate the out-of-court statements. The undercover agent and another police officer saw Howard remove the bag of cocaine from his car. The license plates were registered in Howard's name and the car was parked at his place of employment. The undercover agent saw the money and illegal drugs change Howard's hands. Point denied.

■ The second claim of error on direct appeal is also reviewable only as a matter of plain error. *See* Rule 30.20. Howard contends the argument was improper because it personalized the crime to the jury and it intended to incite the jury's emotions. The state argues the prosecutor attempted to respond to Howard's closing argument that the police officers who testified were motivated by an effort to advance themselves at his expense. The prosecutor argued:

> [Howard] tells you he's not even sure when he buys cocaine whether or not he's getting ripped off. He's also trying to tell you that [the officers and informant] are advancing themselves on the back of Derrick Howard. Well, imagine who Derrick Howard is advancing himself on if he's selling drugs. *Who's he advancing himself on? Your kids.* (Our emphasis).

Defense counsel objected to this testimony as "inflammatory and meant to prejudice this jury." The objection was overruled. Although defense counsel objected to the prosecutor's arguments, the objection was broad and did not necessarily include "personalization".

The state contends the argument was intended as a response to defense counsel's argument. However, the state did not respond to defense counsel's attack on the credibility of the police officers. The prosecutor's argument may have been personalization, not retaliation. The argument could possibly arouse hostility and implant fear in the minds of the jury, that if the defendant were acquitted, the safety of the juror's own "kids" would be endangered. *See, State v. Groves,* 295 S.W.2d 169, 174 (Mo.1956) *rev'd on other grounds.*[1]

■ Although the prosecutor's argument may have personalized the crime to the jury, we find no plain error. Matters relating to closing arguments, which are reviewable as plain error, rarely lead to relief being granted. *State v. Hatcher,* 835 S.W.2d 340, 343 (Mo.App.W.D.1992). Further, "[a] defendant must make a substantial showing that he has suffered manifest injustice from the error in order for this court to reverse." *Id.* at 344.

Here, the possible effect of the argument remains a matter of speculation. What could have been heard by a juror as personalization may or may not have had that effect. Howard has not satisfied his burden of proving the personalization resulted in a manifest injustice or miscarriage of justice during the trial. Point denied.

Howard's only argument of error regarding his Rule 29.15 motion for post conviction relief relates to ineffective assistance of counsel for failure to correctly and timely object to the undercover officer's hearsay testimony regarding statements by informant that he was selling cocaine. We review a denial for post conviction relief in accordance with Rule 29.15(j).

■ We have held the out-of-court statements were admissible under the exception to the hearsay rule; admissible to explain police conduct and background information. Trial counsel will not be held ineffective for failing to make meritless objections. *Clemmons v. State,* 785 S.W.2d 524, 529 (Mo. banc 1990). Point denied.

We affirm.

REINHARD, P.J., and RHODES RUSSELL, J., concur.

---

1. In *Groves,* the prosecutor argued "[s]end [defendant] to five years in the Pen. Don't let him out running around the streets 'cause if any of you have any daughters and if this defendant ever got the opportunity your daughter could be the next one, or your grandchild or something." *Groves,* 295 S.W.2d at 173. Such argument was condemned by the Missouri Supreme Court. *Id.* at 174. However, the court reviewed the personalization issue under preserved error, not plain error as in the case at bar. *Id.*