STATE of Missouri, Respondent,

v.

Charles CUNNINGHAM, Appellant.

No. 23319.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 5, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Chief Judge.

Charles Cunningham ("Appellant") was convicted following a jury trial in the Circuit Court of Cedar County of delivery of a controlled substance, proscribed by Section 195.211, RSMo Cum.Supp.1998.[1] He was sentenced to a term of imprisonment of ten years and he now appeals raising one point of trial court error. In his sole point of appeal, Appellant contends that the trial court abused its discretion in overruling his counsel's objection and request for mistrial during the course of the State's closing argument. In particular, Appellant asserts that the remarks by the prosecutor were speculative, prejudicial, unsupported by the evidence and designed to inflame the passions and prejudices of the jury and that they deprived him of his rights of due process and fair trial as guaranteed by the State and United States Constitutions.

■ During the State's closing argument, the prosecutor told the jury:

> I am going to suggest to you that a 15 year sentence is not too much to give to somebody who's going to go out and bring dope into this [community] and then let it be distributed potentially to be gotten by your children....

Appellant does not challenge the sufficiency of the evidence supporting his conviction. This Court accepts as true all evidence supporting the verdict, including all favorable inferences therefrom and disregards all contrary evidence and inferences. *State v. Dunn,* 21 S.W.3d 77, 79 (Mo.App. 2000); *State v. Carlile,* 9 S.W.3d 745, 746 (Mo.App.2000).

The record shows that a confidential informant for the El Dorado Springs police department, Staci Gardner, was wired with a recording device and given six one hundred dollar bills in an attempt to purchase cocaine from one Richard Jackson. The serial numbers of the currency were recorded so the bills could be tracked. Pursuant to a pre-arranged drug deal with

---

1. Appellant was charged with the violation of "Section 195.211 and 195.214" by committing the class a felony of delivery of a controlled substance within 2000 feet of a school. The jury, however, found Appellant guilty of delivery of a controlled substance. § 195.211, RSMo Cum.Supp.1998.

Jackson, Gardner went to Jackson's home in El Dorado Springs and officers followed Gardner and observed the transaction from a distance. When Gardner arrived at Jackson's home she observed that Jackson, his son and Appellant were in the yard as she drove up. Gardner testified that Appellant got into her truck. She testified that she inquired of Appellant "is this a quarter ounce, and he said yes." Gardner testified that Appellant tossed a bag containing the cocaine into the seat and that she then paid Appellant $600.00. Gardner then departed and delivered the drugs and the recorded tape to the officers. The next day, officers obtained a search warrant and executed the warrant on the Jackson home, where police seized a wallet found under a mattress containing the six one hundred dollar bills with serial numbers matching the money given Gardner to make the drug purchase. During the course of the search, Appellant told Officer Stevens that he had been living in the Jackson home "one month or two months."

At trial, Appellant testified that he had been living in the Jackson home only on a temporary basis and that Jackson had told him to take the bag containing the cocaine out to Gardner's truck. He stated he felt threatened by Jackson and did as he was told by delivering the bag with the cocaine because Jackson had previously told him that if people owed him money, he would shoot them. Appellant admitted delivery to Gardner of the bag containing two baggies of white powder, but testified that he didn't know cocaine was in the bag.

■ In reviewing Appellant's sole point on appeal, we observe that the "trial court has broad discretion in controlling the scope of closing argument, and the court's rulings will be cause for reversal only upon a showing of abuse of discretion resulting in prejudice to the defendant." *State v. Ferguson*, 20 S.W.3d 485, 498 (Mo. banc 2000). "Absent abuse of discretion resulting in prejudice to the defendant, the trial court's rulings on such issues should not be overturned on appeal." *State v.*

*Hibbert*, 14 S.W.3d 249, 254 (Mo.App. 2000). "To find an abuse of discretion, the prosecutor's statements must be 'plainly unwarranted.' " *State v. Kriebs*, 978 S.W.2d 460, 466 (Mo.App.1998). "[E]ven if the prosecution's argument was improper, reversal is appropriate only if it is established that the comment of which Appellant complains had a 'decisive effect on the jury's determination.' " *State v. Armentrout*, 8 S.W.3d 99, 111–112 (Mo. banc 1999), *cert. denied,* — U.S. —, 120 S.Ct. 1986, 146 L.E.2d 813 (2000) (quoting *State v. Hall*, 982 S.W.2d 675, 683 (Mo. banc 1998), *cert. denied,* 526 U.S. 1151, 119 S.Ct. 2034, 143 L.Ed.2d 1043 (1999)); *see also Hibbert*, 14 S.W.3d at 254. "Additionally, this state has not adopted a *per se* rule of mandatory reversal in all cases in which objectionable comments are made by a prosecutor." *Hibbert*, 14 S.W.3d at 254.

■ The granting of a mistrial is a drastic remedy that should be used only when necessary to cure grievous prejudice, and in extraordinary circumstances where the prejudice to the defendant cannot be removed by other means. *State v. Myers*, 997 S.W.2d 26, 35 (Mo.App.1999). "The trial court's discretion to overrule a motion for mistrial will not be overturned absent a finding that it abused its discretion." *Id.* Lastly, " '[c]redibility of witnesses and the weight and value to be given their testimony are matters within the province of the jury and are not for review on appeal.' " *State v. Groves*, 886 S.W.2d 675, 678 (Mo. App.1994) (quoting *State v. Jenkins*, 776 S.W.2d 59, 63 (Mo.App.1989)).

■ It has been held that an abuse of discretion may occur when the trial court allows an attorney to argue matters not in evidence or to otherwise misstate or pervert the evidence. *Kriebs*, 978 S.W.2d at 466. Furthermore, the prosecutor may not make an inflammatory appeal to the jurors to arouse their personal hostility toward or personal fear of the defendant, such as implanting in their minds the fear that the defendant's acquittal will endan-

ger their own personal safety or that of one of their family members. *Id.*; *State v. Evans,* 406 S.W.2d 612, 616–617 (Mo.1966); *State v. Steward,* 564 S.W.2d 95, 99 (Mo. App.1978); *State v. Heinrich,* 492 S.W.2d 109, 114 (Mo.App.1973). In *State v. Sumlin,* 915 S.W.2d 366, 368 (Mo.App.1996), this Court determined that a query addressed to the jury "about whether the jury had ever wanted to do something to protect their children and grandchildren was improper." *Id.* at 370; *see generally State v. Raspberry,* 452 S.W.2d 169, 172–73 (Mo.1970); *State v. Groves,* 295 S.W.2d 169, 173–74 (Mo.1956).

■■■■■ Nevertheless, the State is permitted to argue such propositions as the prevalence of crime in the community and the personal safety of the community's inhabitants. *Kriebs,* 978 S.W.2d at 466. The State may also argue that conviction of the defendant is part of the jury's duty to prevent crime and may refer to the need for strong law enforcement as a deterrent to crime and infer the effect of the jury's failure to perform its duty and uphold the law. *Id.*; *see also Hall,* 982 S.W.2d at 684. Also, it has been held that "[a]n argument is not personalized where it does not suggest a personal danger to the jury or their families if the defendant were to be acquitted." *State v. Lyons,* 951 S.W.2d 584, 596 (Mo. banc 1997); *State v. Copeland,* 928 S.W.2d 828, 842 (Mo. banc 1996).

More to the point, in *State v. Williams,* 747 S.W.2d 635, 638 (Mo.App.1988), the appellate court found that a prosecutor's closing argument did not impermissibly arouse fear and personal hostility on the part of the jurors where the prosecutor argued: "Drugs are ruining this country. They're going to be the downfall of this country. Kids with ruined lives . . . ." *Id.; see also State v. Olds,* 603 S.W.2d 501, 511 (Mo. banc 1980). Also, in *State v. Hatcher,* 835 S.W.2d 340, 344 (Mo.App.1992), the prosecutor stated in closing argument: "I would ask you to convict this defendant and show the people that we don't want to tolerate cocaine in our community, that we don't want our families exposed to this kind of thing. We don't want our children growing up with cocaine. . . ." *Id.* In *Hatcher* the appellate court determined that the prosecutor's argument was not of the character condemned because it was not an argument that suggested personal danger to the jurors or their families; rather it was a permissible argument that merely argued the necessity for law enforcement, the prevalence of crime in the community, the personal safety of its inhabitants, and the duty of the jury to convict the defendant to prevent crime. *Id.* at 344–45.

Lastly, in *Kriebs, supra,* the following arguments were found not to be specifically oriented toward the jurors' children:

Ladies and gentlemen, there's a war out there. There's a war out there in our streets and our schools and our parks. There's a war *and our children are the victims.*

. . . .

This battle in this courtroom is very important to the citizens of Dade County. *It's important for our children. It's important to our lives and our homes.*

. . . .

This is your chance as Dade County citizens to send a message: *We don't like marijuana growers. We won't tolerate it in Dade County. We will protect our children.*

*Kriebs,* 978 S.W.2d at 465.

■■■■ In the instant matter, we are not directed to any evidence expressly demonstrating that Appellant, in fact, sold or intended to sell drugs to children. However, there was evidence presented that the drug sale took place within 2000 feet of a "Parent's as Teachers building," arguably a school facility where, presumably, school children could be located. Furthermore, in the context that the argument was made it is clear that the prosecutor was not directing his remarks specifically to the jurors' children. *See id.* The argument

here is more akin to those arguments set out in cases such as *Kriebs, Hatcher* and *Williams, supra.*

 Furthermore, "[e]rror which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." *Kriebs,* 978 S.W.2d at 467. In the instant case, the evidence of guilt, as previously set out, is sufficiently strong. The trial court did not abuse its discretion in overruling Appellant's objection to the State's closing argument nor did the trial court abuse its discretion in denying Appellant's motion for a mistrial. Point denied.

The judgment is affirmed.

PREWITT and GARRISON, JJ.