STATE of Missouri,
Plaintiff-Respondent,

v.

Jameson P. HOLIDAY,
Defendant-Appellant.

No. 39602.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 5, 1978.

Christelle Adelman-Adler, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant was convicted of stealing a 1966 Volkswagen. If the jury would believe the State's primary witness—and it did—there was an abundance of evidence to support the conviction. Defendant's appeal rests on his contention that the prosecutor's comment in closing argument alluding to his professional capabilities as a car thief constituted reversible error; also, that it was error to have allowed in evidence certificates of title to two other motor vehicles which were found in defendant's residence at the time of his arrest. We find no error and affirm.

Evidence of the theft of the Volkswagen came from a former suitemate of defendant. She testified that she and defendant had driven past an automobile body repair shop at the corner of Loughborough and Michigan Avenues in St. Louis. Defendant noted particularly a green 1966 Volkswagen on the lot and boasted to the State's witness of the ease with which he could appropriate the car. A short time later the witness and defendant returned to the lot. The defendant, using a tool (a puncher) which he had taken from the witness's car, entered the Volkswagen, started it and drove off. Subsequently, the witness observed the defendant as he deftly altered the appearance of the stolen Volkswagen by changing the serial numbers on the car with the use of an acetylene torch. The 1966 green Volkswagen was ultimately purchased by Dennis Wilde. The State showed that defendant, under an assumed name, had at some time purchased a totally wrecked 1966 Volks-

wagen and that the serial number from the wrecked Volkswagen was transferred by the defendant to the pilfered auto. At the time of defendant's arrest, his premises were searched and a substantial number of automobile titles and title transfer applications were found and seized. Two of the titles seized and put into evidence by the State were for a 1962 GMC truck and a 1947 Willys. Each showed the title transferee to be Toni Underwood and the notary to be Raymond Bezdek. The significance of such evidence was that the title for the stolen Volkswagen which was sold to Dennis Wilde bore "Toni Underwood" as the title transferor and was notarized by Raymond Bezdek. The notary seal bearing the name "Raymond Bezdek" was recovered in defendant's residence.

Dealing first with defendant's complaint that the exhibits relating to titles of other motor vehicles should not have been admitted into evidence, we find no error by their admission. Defendant suggests that they were not relevant to the charge of stealing a green 1966 Volkswagen and improperly interjected evidence of other crimes into the case. We disagree. The evidence was at least relevant to establish intent, absence of mistake or accident and a common plan for conducting an auto theft enterprise and was therefor admissible. State v. Boley, 565 S.W.2d 828 (Mo.App. 1978).

Nor do we find merit in defendant's position that the prosecutor's two brief references to him as a "professional auto thief" afford ground for reversal. Our attention is immediately directed to two cases where the defendant was referred to as a professional auto thief. In State v. Stockbridge, 549 S.W.2d 648 (Mo.App.1977), the prosecutor's constant and lengthy references to defendant as a professional car thief were held basis for a reversal and remand. But in Stockbridge, the defendant was charged with feloniously assaulting a police officer—not auto theft—and the references to his being a car thief were grossly fulsome. We do not find Stockbridge felicitous to defendant's position here.

Directly in point is State v. Nichelson, 546 S.W.2d 539 (Mo.App.1977), where the defendant, on trial for auto theft was referred to by the prosecutor as "a professional car thief." In holding that no prejudicial error occurred by such reference, it was noted that such comment was within the confines of the evidence, in that the defendant possessed and used the requisite tools for stealing cars. So, too, in this case, did the defendant operate in a "professional manner," in that he possessed and utilized the tools of the trade—a puncher to gain access to and steal the car, requisite title forms, a notary seal for title transfer and torches and equipment for altering the car's appearance and changing its serial numbers. State v. Nichelson, supra, is precisely in point.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.