**Thomas KAYSER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 55388.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 6, 1990.

Stormy B. White, First Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of two counts of first degree robbery. The trial court sentenced him as a persistent offender to consecutive prison terms of life and 30 years. We affirmed on direct appeal, *State v. Kayser*, 671 S.W.2d 352 (Mo.App.1984).

Briefly stated, the state's evidence was that movant and another man knocked on the front door of the victims' residence and identified themselves as police officers. The twenty year old son of the family residing in the house answered. One of the men pulled out a pistol and the son attempted unsuccessfully to close the door. The two men followed the son into the family room and ordered the entire family (parents, son and two daughters) to the floor where they were handcuffed and bound at the ankles. After asking where any jewelry might be found, the men ransacked the house and stole $150,000 in jewelry and a handgun. A daughter was able to call the police. The father and son gave nearly identical physical descriptions of the two men. Each indicated that both men carried guns and that one carried a police radio receiver. Five days later the father and son separately identified movant from police photos. Movant was arrested and a search of his car revealed two jeweler's loupes, a paper containing police radio fre-quencies and a .380 automatic shell. The father and son then separately identified movant in a line-up.

Movant filed a Rule 27.26 motion wherein he alleged, inter alia, that trial counsel was ineffective for failing to object to certain of the prosecutor's comments during closing argument and for failing to call movant's ex mother-in-law and her sons as alibi witnesses. Movant, his ex mother-in-law and her two sons testified at the evidentiary hearing. The motion court in denying relief issued detailed findings of fact and conclusions of law.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show 1) counsel's performance was deficient and 2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

To establish prejudice, a movant must show that the alleged error had an adverse effect on the defense. The fact that an error by counsel might have had some con-

ceivable effect on the outcome is not sufficient. Rather, the movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court must consider the totality of the evidence before the fact finder. *Strickland v. Washington*, 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d 912, 915–16 (Mo.App.1986).

Counsel is not ineffective for failing to make meritless objections. *Clark v. State*, 753 S.W.2d 67, 69 (Mo.App.1988). If a movant succeeds in showing an objection would have been meritorious, he still must show that the failure to object resulted in a substantial deprivation of the right to a fair trial. *Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App.1976).

■ A decision not to call a witness to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

■ In an ineffective assistance of counsel claim based on failure to call an alibi witness at trial, to show prejudice, the movant must show the witness' testimony is more than merely cumulative of the evidence adduced at trial and that it would have aided his defense. *Roberts v. State*, 764 S.W.2d 688, 689 (Mo.App.1988).

■ In his first point on appeal, movant presses his two claims of ineffectiveness based on the failure of counsel to object during the state's closing argument. His first complaint is directed at the prosecutor's comment that movant was a "professional criminal." Considering the evidence relating to the items found in movant's automobile and the context in which the statement was made (to rebut movant's characterization of the robbery as amateurish), the prosecutor's comment was not objectionable. *See State v. Holiday*, 572 S.W.2d 178, 179 (Mo.App.1978). Movant next complains about the prosecutor's comment, "Now, his wife isn't here...." He contends the comment is a reference to his wife's failure to testify which is forbidden by § 546.270, RSMo 1986. In reality, at the time of trial, movant and his wife were no longer married; this fact was brought out several times at trial. We need not decide whether the comment was objectionable because we conclude movant was not thereby prejudiced. Movant's defense was alibi; he claimed to be at his daughter's birthday party when the robbery took place. To this effect, movant had five people testify: two nephews, a sister-in-law, his brother, and his former father-in-law. The state's case was strong. In particular, the two victims who were able to see movant later gave detailed descriptions of him and identified him. We do not believe the prosecutor's isolated comment, which was not pursued, created a reasonable probability that the jury would have acquitted movant.

■ In his other point, movant contends counsel was ineffective for failing to call his former mother-in-law and her sons as alibi witnesses. As to this claim, the motion court found, "Movant presented no evidence at the hearing that these people would have or could have aided movant's alibi defense.... The additional use of alibi witnesses would have been cumulative." This finding is supported by the law as well as the evidence at the hearing.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.