**STATE of Missouri, Respondent,**

v.

**Charles E. PARRISH, Appellant.**

**No. WD 45467.**

Missouri Court of Appeals,
Western District.

May 11, 1993.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

A jury convicted Charles Parrish of selling a controlled substance, possessing a controlled substance with intent to sell and armed criminal action. He received concurrent sentences of five years, five years and three years, respectively. Parrish claims in this appeal that the trial court erred in finding him guilty of possession of a controlled substance with intent to sell because the state failed to present substantial evidence to prove his guilt beyond a reasonable doubt. He also asserts the trial court plainly erred in admitting the physical evidence recovered during the search of the residence where he was arrested. We affirm.

The record, viewed in a light most favorable to the verdict, establishes that on July 10, 1990, at approximately 11:00 P.M., Herbert T. Robinson, an undercover police detective with the Kansas City Police Department's Street Narcotics Unit, went to a residence at 3615 East Gregory to try to buy drugs. When Robinson knocked on the door, the door opened and a male voice said, "Come on." Robinson stepped inside but did not see anyone. He looked behind the door and saw a man aiming a revolver at his back. Robinson later identified Parrish as the man.

Parrish asked, "What you need?" Robinson answered, "A 20," which referred to a $20 purchase of crack cocaine. Parrish directed Robinson to the kitchen counter and told Robinson to put down the money and pick up the cocaine. Robinson saw several rocks scattered about on the counter and picked up one of them. He paid for the cocaine with a $20 bill which he had previously photocopied. While standing there, Robinson noticed another man standing to his right who held a semi-automatic weapon aimed at Robinson's head. Robinson later identified this man as Glen Parrish, Charles Parrish's cousin.

After he left, Robinson performed a field test on the cocaine, and it reacted positive. He obtained a search warrant. Two hours later, the Tactical Entry Squad of the Street Narcotics Unit executed a search warrant on the residence. Because Robinson told them that the residents had weapons, the squad broke down the door and threw a flash grenade inside before they entered.

Police arrested Parrish in the living room of the house. They searched the house and

found a loaded .38–caliber handgun in the bedroom between the bed mattresses and a loaded nine-millimeter Taurus handgun beneath the couch in the living room. They found the $20 bill which Robinson had laid on the kitchen counter in Glen Parrish's possession. They also found rock-like substances, which appeared to be cocaine, in the kitchen.

The substance Robinson purchased from Parrish contained .05 grams of cocaine base, commonly known as crack cocaine. One of the rock-like substances found in the kitchen contained .23 grams of cocaine base. The other substance found in the kitchen was .05 grams of soap.

Parrish did not live at the house. It was the residence of Londie Taylor.

Parrish contends that the trial court erred in finding him guilty of possession of a controlled substance with intent to sell because the state failed to present substantial evidence to prove his guilt beyond a reasonable doubt. He argues that his mere presence at the scene did not establish that he knowingly and intentionally possessed the contraband found in the house, and he argues that the state presented no evidence that he intended to sell them. We disagree.

When reviewing the sufficiency of evidence, we consider all the evidence and its inferences in a light most favorable to the verdict, and we reject all contrary evidence and inferences. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). We neither weigh the evidence nor determine its reliability or the witnesses' credibility. *State v. Hamilton*, 817 S.W.2d 8, 11 (Mo. App.1991). The jury is the sole judge of the witnesses' credibility, and it determines the appropriate weight to be given the evidence. Our review is limited to determining whether the jury had substantial evidence from which to find the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). "Substantial evidence is evidence from which the trier of fact reasonably can find the issue in harmony with the evidence." *State v. Burns*, 795 S.W.2d 527, 529–530 (Mo.App.1990).

To support a conviction of possession of a controlled substance with an intent to sell, the state had to establish that Parrish knowingly and intentionally possessed the cocaine found by the police in the kitchen and that he was aware of its presence and nature and that he intended to sell the cocaine to another person. Section 195.211, RSMo Supp.1992. Reasonable inferences drawn from circumstantial evidence can establish the elements of possession and knowledge. *State v. Adkins*, 800 S.W.2d 28, 30 (Mo.App.1990). Where actual possession is not shown, constructive possession will suffice—even where joint control exists—as long as other facts buttress an inference that Parrish had knowledge of the cocaine's presence. *State v. Norwood*, 721 S.W.2d 175, 178 (Mo.App. 1986). A defendant's access to an area where drugs are found is an incriminating fact which is not destroyed by another individual's also having access to the area. *Adkins*, 800 S.W.2d at 30.

The state presented sufficient evidence of constructive possession to support Parrish's conviction for possession with an intent to sell. Only two hours before the search, Parrish sold Robinson crack cocaine from the kitchen counter, and other "rocks" were on the counter. This established that he knew of the drug's presence and character and that he was in the business of selling crack cocaine.

Parrish relies on *State v. Moiser*, 738 S.W.2d 549 (Mo.App.1987), to contend otherwise. In *Moiser*, this court's Eastern District overturned the conviction of a defendant charged with possessing three different controlled substances. Officers seized more than 35 grams of marijuana from the basement of a house where the defendant was arrested after the defendant sold a small amount of marijuana from the house on the previous day. The court emphasized that the state had presented no evidence that the defendant owned, lived in, or was a regular visitor to the residence; he merely was one of several persons present when officers found the marijuana. Nor did the state establish that the defen-

dant had access to the basement where the marijuana was hidden. *Id.* at 10–11.

Unlike the defendant in *Moiser,* Parrish had access to the area where officers found the drugs in plain view. He had directed Robinson to the kitchen only two hours earlier in response to Robinson's request for drugs. There, lying on a counter, were several rocks of what appeared to be cocaine. Not only does this establish that Parrish had access to the area where the cocaine was, but it demonstrates that he was aware of the drugs' character and presence.

Parrish also cites *United States v. Franklin,* 728 F.2d 994, 999 (8th Cir.1984) (quoting *United States v. Washington,* 586 F.2d 1147, 1153 (7th Cir.1978)), for the proposition that " '[p]roof of possession of a small amount of a controlled substance, standing alone, is an insufficient basis from which an intent to distribute may be inferred.' " Parrish's possession of the cocaine was not the only evidence of Parrish's intent to sell. Parrish's conduct only two hours earlier in selling Robinson cocaine from the kitchen area from which several other "rocks" were visible was sufficient to establish Parrish's intent to sell.

■ Parrish also contends that the trial court erred in admitting into evidence the items recovered from the search of the residence where he was arrested. Parrish asserts that the search violated his rights protected by the U.S. Const. amend. IV and XIV, Mo. Const. art I, § 15, and § 544.200, RSMo 1986,[1] because the police did not announce their authority and purpose prior to forcing their way into the house. Parrish did not ask the trial court to suppress the evidence on these grounds, nor did he object to the evidence at trial or assert it in his motion for new trial. He did not preserve the issue for our review. *See State v. Bryson,* 506 S.W.2d 358, 362 (Mo.1974).

■ Rule 30.20 authorizes our review of unpreserved errors if we find that they are "plain errors affecting substantial rights"

and "that manifest injustice or miscarriage of justice has resulted therefrom." We do not discern plain error.

■ Section 544.200 "was not designed to apply to a stressful situation[.]" *Green v. Denison,* 738 S.W.2d 861, 867 (Mo. banc 1987). Exigent circumstances excuse noncompliance. *See id.* at note 6.

Exigency excused the officers' noncompliance with § 544.200 in this case. Parrish and his cousin had drawn their weapons on an undercover agent at the house just two hours earlier. We fail to discern plain error in not enforcing § 544.200 in these circumstances.

Substantial evidence existed to support Parrish's conviction of possession of a controlled substance with an intent to sell, and the trial court did not plainly err in admitting the evidence from the search. Judgment is affirmed.

All concur.

---

1. Section 544.200 provides: "To make an arrest in criminal actions, the officer may break open any outer or inner door or window of a dwelling house ... if, after notice of his office and purpose, he be refused admittance."