**582**

**STATE of Missouri, Plaintiff–Respondent**

v.

**Lonnie LAMBERT, Defendant–Appellant.**

**No. 19936.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 22, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Lonnie Lambert (defendant) was convicted, following a jury trial, of possession of cocaine, a controlled substance. § 195.202, RSMo Supp.1993. He appeals contending the trial court erred in failing to declare a mistrial during the state's closing argument because the prosecuting attorney personalized her argument to the jury, and that the trial court erred in instructing the jury on the meaning of reasonable doubt. This court affirms.

Defendant does not challenge the sufficiency of the evidence upon which he was convicted. It is, therefore, not necessary to set forth a detailed account of the actions of defendant that constitute the commission of the offense of which he was found guilty. The facts that follow relate to the part of the prosecuting attorney's closing argument about which defendant complains and the trial court's instruction to the jury that defined reasonable doubt.

Point I contends the trial court committed plain error in failing, *sua sponte*, to declare a mistrial when the prosecuting attorney made the following argument to the jury:

People are always asking themselves when they have town meetings and forums and big seminars on what can I do about the drug situation in this county? What can I do as an individual?

The police have done their job in this case. They were astute enough, we should not punish them for that, in recognizing an individual and say "Hey, there's a warrant out for that guy. Let's stop him." It doesn't happen very often. They stopped him, they searched him, they took some drugs off him. We bring him in here, he enters a plea of not guilty, and here we are. The Sikeston Department of Public Safety did their job. The Sheriff did his job. I did my job. I filed the charge. I prepared the case for court. We have come to court and we have put on evidence. The defense attorney has done what job he's supposed to do to defend his client. At this stage the job is you-alls. When you ask yourselves what can I do? What can I do as a society to help clean up

some of this? Go back in the jury room and come back with a verdict of guilty.

You told me during voir dire that convicting the users is not any less or any more important than convicting the dealers. Without the users, we don't have the dealers any more. Without a demand, there is no supply. It doesn't matter whether there's a small amount or a large amount, because it all comes from a bigger amount somewhere.

I just ask that you all please do your job when you go back to the jury room. Select your foreman, take a quick vote. In your mind, if your common sense tells you to convict Lonnie Lambert, please do it quickly and swiftly and come back and send the message if you are using out there, we are not going to put up with it any more.

■ Defendant complains that the prosecuting attorney personalized her argument to the jury by urging it to "convict the users." He contends this "injected into the minds of the jurors matters not proper for their consideration"; that the prosecuting attorney "appealed to the prejudices and passions of the jurors."

■ Defendant failed to timely object at trial when the argument about which he now complains was made and failed to raise the issue in a motion for new trial. Accordingly, the matter was not preserved for appellate review. *State v. Fleischer,* 873 S.W.2d 310, 314 (Mo.App.1994). Defendant obviously recognizes his plight in that he requests plain error review. *See* Rule 30.20.

Plain error is seldom found in unobjected closing argument. *State v. Kempker,* 824 S.W.2d 909, 911 (Mo. banc 1992). In *State v. Cobb,* 875 S.W.2d 533 (Mo. banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 250, 130 L.E.2d 172 (1994), the court found no error in an argument similar to the one in this case, an argument that the jury should "send a message" that criminal conduct would not be tolerated and would be punished. The court said:

[I]t is well settled that "[r]elief should be rarely granted on assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explanation." *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). Even if a timely objection had been raised, it was not error to permit the remarks. A prosecutor may legitimately argue that the jury should "send a message" that criminal conduct will not be tolerated or should be severely punished. *State v. Olds,* 603 S.W.2d 501, 511 (Mo. banc 1980).

875 S.W.2d at 537. *See also State v. Sublett,* 887 S.W.2d 618, 619–20 (Mo.App.1994); and *State v. Gola,* 870 S.W.2d 861, 865 (Mo.App. 1993). "[A] prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty." *Morrison v. State,* 779 S.W.2d 677, 683 (Mo.App.1989).

Here, as in *Cobb,* the prosecuting attorney focused only on the conduct of defendant for which he was on trial. Possible future conduct of defendant was not posed as the reason the jury should find him guilty. The argument was proper.

Defendant's Point I suggests that the argument was "personalized" to the jury. No suggestion was made that the jurors would thereafter be personally affected by the result of the verdict. *See State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.1970). The prosecuting attorney argued the role the jury played with respect to that of law enforcement officials and prosecuting officials in the criminal justice system.[1] There was no error plain or otherwise. Point I is denied.

Point II contends the trial court committed plain error by giving its Instruction No. 4 to the jury. Instruction No. 4 defined reasonable doubt patterned after MAI–CR3d 302.04.

As defendant acknowledges in his brief, the argument he attempts to make in Point II has consistently been rejected. *See State*

---

1. "[I]t is permissible for a prosecutor to argue the necessity for law enforcement, the duty of the jury to convict the defendant and prevent crime, and the results to society of a failure to uphold the law." *State v. Schaefer,* 855 S.W.2d 504, 507 (Mo.App.1993).

*v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *see also State v. Griffin,* 848 S.W.2d 464, 468–69 (Mo. banc 1993). Point II is denied. The judgment of conviction is affirmed.

CROW and SHRUM, JJ., concur.