STATE of Missouri, Plaintiff–
Respondent,

v.

Billy D. SMITH, Defendant–Appellant.

No. 25015.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 2003.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Charnette D. Douglass, Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Billy D. Smith ("Appellant") appeals from his conviction of a class C felony, possession of a controlled substance in violation of § 195.202 [1]. He was convicted by a jury and sentenced to four years of imprisonment in the Missouri Department of Corrections. Appellant's only point on appeal involves whether the trial court erred in allowing evidence of the street value of the cocaine at his trial. We affirm.

Appellant does not contest the sufficiency of the evidence. On June 6, 2001, at approximately 10:15 p.m., when Officer James Kelly ("Kelly") of the Joplin Police Department was informed that a burglary had occurred, he took note of the description of the suspect. Between midnight and 12:30 a.m., Kelly observed Appellant in an alley walking up to the porch of a residence with no lights on. Kelly believed Appellant matched the description of the burglary suspect so he made contact with Appellant and asked him for his identification. When Kelly asked Appellant what he was doing at the residence, Appellant replied that he knew the resident and was there to visit her. During Kelly and Appellant's conversation, a woman came to the door of the residence and inquired as to what was occurring. The woman seemed to be familiar with Appellant and spoke to him briefly; however, she went back inside the residence without speaking to Kelly.

Kelly told Appellant that he matched the description of a burglary suspect and requested identification from him. When Kelly received Appellant's identification, he discovered through a routine warrant check that Appellant had an active city warrant for failing to produce identification.[2] After Appellant was arrested, Kelly discovered a cigarette box in Appellant's hand. Inside the cigarette box were plastic baggies with yellowish rocks which later proved to be just over four grams of cocaine. Appellant was charged with possession of a controlled substance pursuant to § 195.202.[3]

At trial, the prosecutor asked Kelly the following:

Q. Based upon your training and experience, your training and experience as an officer and your dealing with narcotics on the street, do you have an opinion as to what the street value of that cocaine is?

Defense Counsel: I'll object to relevance.

. . . .

By the Court: What's the limit for a felony now?

Prosecutor: Any amount for cocaine, Judge. How it's relevant is that I ex-

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Upon receiving notification of the active city warrant, Kelly was also informed that Appellant was not the suspect in the burglary reported earlier.

3. Section 195.202 provides:
   1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.
   2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana is guilty of a class C felony.
   3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor.

pect the defense to be that this was mistakenly left at the house. And by showing the value of this property I'm going to show that it's highly unlikely that someone would leave that much cocaine laying around their house.

Defense Counsel: I'd object then to foundation, as to this officer's true expertise in being able to put a street value on drugs.

Prosecutor: The testimony has been that he has five years experience, Judge, as an officer and that he has experience with narcotics.

By the Court: I'll admit it. I'll permit you to cross examine him about his ability to determine the value.

. . . .

Q. Officer, what is the approximate value, you believe, of the cocaine that you seized that night?

A. Given the weight that I weighed it at, it would be approximately over four hundred dollars. It's about a hundred dollars a gram. I'm not exactly sure what—Dr. Whittle[4] actually analyzed it. If you could refer me again to how much that total weight was I could give you a better dollar amount.

Appellant offered only one witness, Kristen Beldon ("Beldon"), in his defense. Beldon testified that Appellant had just left her house before he was arrested and that while he was at her house, Beldon had smoked some of Appellant's cigarettes. Beldon claimed that she had looked inside Appellant's cigarette box and did not see any drugs. She also claimed she had searched his pockets and he did not have any other boxes of cigarettes with him.

She indicated there had been several people at her house earlier that evening who smoked the same brand of cigarettes (Newport) as Appellant. Apparently, there were as many as four other boxes of Newports left on the coffee table when Appellant left his cigarettes on the same table. Beldon surmised that Appellant must have picked up someone else's cigarette box when he left her house because Appellant's cigarettes, with only six missing cigarettes, were still at her house after he left.

The jury returned a guilty verdict on the charge of possession of a controlled substance. Appellant contends the trial court erred in overruling defense counsel's objection and admitting Kelly's opinion of the street value of the cocaine because it was irrelevant in that Appellant was charged with possession of a controlled substance and the dollar value of the drugs does not matter in a prosecution under § 195.202. Appellant argues that even if the evidence was relevant, it was more prejudicial than probative because the only purpose for introducing the evidence was to convey the impression that Appellant was a drug dealer.[5]

Evidence presented at trial is reviewed in the light most favorable to the verdict. *State v. Clayton,* 995 S.W.2d 468, 474 (Mo. banc 1999). The trial court has broad discretion to admit and exclude evidence. *Id.* This court will find error by the trial court only where there was clearly an abuse of discretion. *Id.* Admitted evidence must be both logically relevant, meaning that the evidence has some legitimate tendency to establish directly the accused's guilt of the charges for which he

---

4. Dr. Phillip R. Whittle, who testified at trial, is the Director of the MSSC Regional Crime Lab.

5. In this appeal, Appellant abandoned his trial claim that Kelly was unqualified to state his opinion as to the street value of the four grams of cocaine.

is on trial, and legally relevant, meaning that its probative value outweighs its prejudicial effect. *State v. Mayes,* 63 S.W.3d 615, 629 (Mo. banc 2001). On direct appeal, the appellate court reviews the trial court's ruling on the admission of evidence for prejudice, rather than mere error, and will not reverse the trial court's ruling unless the error was so prejudicial that it deprived the defendant of a fair trial. *Clayton,* 995 S.W.2d at 474.

■ To be successful in a prosecution for possession of a controlled substance the State must present evidence showing that a defendant knowingly and intentionally possessed the substance and was aware of its presence and nature. *State v. Groves,* 886 S.W.2d 675, 678 (Mo.App. S.D. 1994). A jury can consider the amount and value of drugs as tending to show a defendant's conscious and knowing possession of the drugs. *Id.* Evidence as to the value of drugs found in possession of a defendant charged with possession of a controlled substance is relevant to show that the controlled substance was not accidentally abandoned and that the defendant had knowing and intentional possession of it. *State v. Lowrance,* 619 S.W.2d 354, 356–57 (Mo.App. E.D.1981).

■ The prosecutor anticipated Appellant's defense would be that Appellant mistakenly picked up someone else's cigarette box. The prosecutor was correct as Appellant offered only one witness who testified that when Appellant was at her residence he did not have cocaine in his cigarette box and must have picked up someone else's cigarette box as he left her house. Evidence of the street value of the cocaine would clearly be logically relevant to show that the cigarette box containing cocaine was not accidentally abandoned, thus showing that Appellant had knowing and intentional possession of the cocaine. As support for his argument, Appellant

notes the prosecutor did not specifically argue to the jury that the cocaine was not accidentally abandoned. We believe a jury could infer on its own that it was unlikely a person would accidentally leave drugs worth $400 on a coffee table in a cigarette box with four other identical cigarette boxes on the table. The jury did not need the prosecutor's direct assistance in coming to this conclusion. Even if the evidence of the street value of the cocaine may have had the prejudicial effect of implying to the jury that Appellant was a drug dealer, its probative value in showing that Appellant had knowing and intentional possession of the cocaine outweighed any prejudicial effect.

Because the evidence of the street value of the cocaine was logically relevant on the issue of Appellant's knowing and intentional possession of the drugs and legally relevant in that its probative value outweighed its prejudicial effect, we find no error in the admission of Kelly's opinion of the drug's dollar value. Point denied.

The judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.