

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD34195
)
JAMES CRAIG HOBSON, ) **Filed: October 6, 2016**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Sidney T. Pearson III

## **AFFIRMED**

James Craig Hobson ("Defendant") appeals from his conviction for one count of second-degree assault of a law enforcement officer. Defendant claims (1) the trial court erred in overruling an objection he made during the State's closing argument and (2) the trial court plainly erred in failing to give a self-defense instruction. We disagree with his arguments and affirm the trial court's judgment.

**Factual and Procedural Background**

On November 6, 2013, Missouri Highway Patrol Trooper Jeffry Leathers ("Trooper Leathers") was on patrol when he heard Dent County dispatch call Dent County Deputy Sheriff Jordan Davis ("Deputy Davis") regarding a report of a suspicious person sitting on a homeowner's doorstep in a rural area. Both Trooper Leathers and Deputy Davis responded.

Trooper Leathers approached Defendant, who was "kind of balled up with his head down," and noted a strong odor of vodka. Defendant "appeared to be very intoxicated" and could not give his name to the officers. Trooper Leathers asked if Defendant was okay, and Defendant responded with "kind of a guttural sound."

Trooper Leathers and Deputy Davis attempted to identify Defendant but could only learn Defendant's first name. The officers helped Defendant stand and walked him to Deputy Davis's car where he was seated in the back seat without incident. Defendant got out of the car so that paramedics could conduct a medical examination. After it was determined that Defendant did not need medical treatment but was intoxicated, Trooper Leathers decided to place Defendant in the sheriff's office on a twelve-hour civil detoxification hold.[1]

Trooper Leathers then directed Defendant to sit back down in Deputy Davis's car. Defendant lifted up his head and swore at Trooper Leathers. Then Defendant "stiffened up" and grabbed the top of the car door. Trooper Leathers took his hand in a V-shape and pushed on Defendant's flank to get Defendant to

---

[1] *See* § 67.315, RSMo (2000).

2

bend over and sit in the car.  Defendant turned and hit Trooper Leathers in the face with a closed fist.

Defendant was charged with one count of second-degree assault of a law enforcement officer.  Defendant had a trial on August 28, 2015, where the jury found Defendant guilty.  The trial court sentenced Defendant to six years' imprisonment.  This appeal follows.

## Discussion

### *Point One:  Closing Argument*

In his first point, Defendant argues the trial court abused its discretion in overruling his objection to the prosecutor's statement during closing argument that Defendant stiffened up *after* Trooper Leathers pushed him rather than *before* Trooper Leathers pushed him because that argument was a misstatement of Trooper Leathers's testimony.  Defendant's point is without merit because Defendant failed to demonstrate prejudice.

"The 'trial court has broad discretion in controlling the scope of closing argument, and the court's rulings will be cause for reversal only upon a showing of abuse of discretion resulting in prejudice to the defendant.'" ***State v. Tinsley***, 143 S.W.3d 722, 734 (Mo. App. S.D. 2004) (quoting ***State v. Cunningham***, 32 S.W.3d 217, 219 (Mo. App. S.D. 2000)).  "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary as to shock this Court's sense of justice and indicate a lack of careful consideration." ***State v. Overton***, 261 S.W.3d 654, 663 (Mo. App. S.D. 2008).  Prejudice exists where "there is a

reasonable probability that, in the absence of the abuse, the verdict would have been different." **State v. Barton**, 936 S.W.2d 781, 786 (Mo. banc 1996).

These additional facts relate to the disposition of this point. At trial, Trooper Leathers described the events leading up to the assault this way:

> [Defendant] kind of stiffened up, and with one hand he kind of grabbed the top of the door and he kind of stiffened up like this, and I took my hand kind of in a V shape and, you know, some people are ticklish in their flank area. I tried to push in there and squeeze a little bit to get him to bend over to get him pushed in the car, and when I did I saw him kind of turning, and you know what's going to happen, it's like things slow down, and he swings and with his right fist he hits me in the cheek.

During the second portion of the State's closing argument, the prosecutor stated, "[t]he trooper said he was applying pressure on [Defendant's] mid-section, that he stiffens up[.]" Defendant's attorney objected, arguing the prosecutor had misstated the facts. The trial court said, "[t]he jury will remember the evidence." After a brief bench conference, the trial court overruled the objection.

Defendant now claims that ruling was error because the trooper testified Defendant stiffened up *before* the push, and the prosecutor argued the trooper was pushing *before* Defendant stiffened up. It is true the prosecutor may not imply possession of knowledge of facts not presented to the jury because "assertions of fact that were not proven during trial amount to unsworn testimony by the State." **Tinsley**, 143 S.W.3d at 736. However, "[a] conviction will be reversed for improper argument only if it is shown the misstatement had a 'decisive effect on the jury's determination,' or was 'plainly unwarranted and clearly injurious.'" **State v. Delaney**, 973 S.W.2d 152, 155 (Mo. App. W.D.

4

1998) (internal citations omitted). These terms are synonymous with the term prejudice, and reversal is warranted where "there is a reasonable probability that, in the absence of the abuse, the verdict would have been different." *Barton*, 936 S.W.2d at 786. "Closing arguments must be interpreted with the entire record rather than in isolation." *State v. Miller*, 226 S.W.3d 262, 269 (Mo. App. S.D. 2007) (quoting *State v. Sanchez*, 186 S.W.3d 260, 265 (Mo. banc 2006)). "The burden is on the defendant to demonstrate the decisive effect of the comments." *Overton*, 261 S.W.3d at 663.

Here, the closing argument made no decisive difference nor was it clearly injurious. There was overwhelming evidence of Defendant's guilt. Two officers testified to Defendant's actions, and there was no question regarding Defendant's identity. Another deputy explained Trooper Leathers applied no force to Defendant prior to the assault and that Defendant just "hauled off out of nowhere and struck Trooper Leathers." Trooper Leathers explained Defendant swore at him and then hit him. Because of this testimony, it is not reasonably probable that the result of the trial would have been different had the trial court sustained Defendant's objection to the prosecutor's brief characterization of Trooper Leathers's testimony about when Defendant stiffened up.

The second reason there is no prejudice here is because the jury was properly instructed. Courts will not find prejudice from allegedly improper arguments where the jury has been properly instructed that the arguments of counsel are not evidence because the jury is presumed to follow its instructions. *Overton*, 261 S.W.3d at 664; *State v. Norman*, 243 S.W.3d 466, 473 (Mo. App. S.D. 2007). Prior to closing arguments, the jury was instructed that the

5

attorneys' "arguments are intended to help you in understanding the evidence and applying the law, but they are not evidence." Furthermore, before overruling the objection, the judge stated, "[t]he jury will remember the evidence." The jury was given guidance that the comments of counsel were not evidence, and this Court presumes the jury followed that guidance. *Norman*, 243 S.W.3d at 473.

Defendant's first point is denied.

### *Point Two: Self-Defense Instruction*

In his second point, Defendant claims "[t]he trial court plainly erred in failing to instruct the jury *sua sponte* on [Defendant's] right of self-defense" because "taking the evidence in the light most favorable to [Defendant], the jury was permitted to infer that [Defendant] hit Trooper Leathers because the trooper was assaulting him by pushing him[.]" As Defendant concedes, this claim was not preserved for appellate review because Defendant requested no self-defense instruction. *See State v. Seals*, 487 S.W.3d 18, 23 (Mo. App. S.D. 2016). Nevertheless, we exercise our discretion to review for plain error because "even if a defendant does not request 'the instruction at trial, if "substantial evidence" is presented to support the giving of an instruction on self-defense, it is error to fail to give the instruction.'" *State v. Kasparie*, No. SD33590, 2015 WL 6951727, *5 (Mo. App. S.D. November 10, 2015) (quoting *State v. Hiltibidal*, 292 S.W.3d 488, 493 (Mo. App. W.D. 2009)).

When reviewing a claim of instructional error, an appellate court views the evidence "in the light most favorable to the defendant and the theory propounded by the defendant." *State v. Plunkett*, 487 S.W.3d 480, 482 (Mo. App. S.D. 2016). Moreover:

6

The general rule is that an instruction must be based upon substantial evidence and the reasonable inferences therefrom. Substantial evidence of self-defense requiring instruction may come from the defendant's testimony alone as long as the testimony contains some evidence tending to show that he acted in self-defense. Moreover, an instruction on self-defense must be given when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony. Even if no objection is made, the failure to instruct upon a defense supported by the evidence is plain error affecting substantial rights. This Court has also recognized that jury instruction, as to all potential convictions and defenses, is so essential to ensure a fair trial that if a reasonable juror could draw inferences from the evidence presented the defendant is not required to put on affirmative evidence to support a given instruction.

*Id.* (quoting **State v. Westfall**, 75 S.W.3d 278, 280-81 (Mo. banc 2002)).

"To be entitled to an instruction regarding self-defense, there must be substantial evidence showing (1) the defendant was not the initial aggressor; (2) the defendant 'reasonably believed that he was faced with the necessity of defending himself from bodily harm'; (3) the defendant 'used no more force than was necessary'; and (4) the defendant 'attempted to avoid the confrontation.'" **Seals**, 487 S.W.3d at 23-24 (quoting **State v. Miller**, 91 S.W.3d 630, 635 (Mo. App. W.D. 2002)).

Defendant's argument fails because there was no evidence Defendant "reasonably believed that he was faced with the necessity of defending himself from bodily harm." Defendant has characterized Trooper Leathers's attempt to detain him as an assault. However, the only evidence showing any type of use of force was Trooper Leathers's testimony, and Trooper Leathers stated he was merely trying to get Defendant to get into the vehicle. These facts do not support a reasonable belief that Defendant faced bodily harm.

7

Defendant attempts to gain some benefit from the reasoning in ***State v. Jackson***, 433 S.W.3d 390 (Mo. banc 2014).  Defendant states that case "is instructive insofar as it reiterated the principle that 'the jury's right to disbelieve all or any part of the evidence and its right to refuse to draw needed inferences is a sufficient basis in the evidence—by itself—for a jury to conclude that the state has failed to prove the differential element.'"  We disagree with Defendant's analogy to that case because this case is governed by different legal rules.  The governing statute in ***Jackson*** merely requires "*a basis* in the evidence for a verdict[.]" § 566.064.3, RSMo Cum. Supp. (2013).  The jury's right to disbelieve evidence is a basis for a verdict. ***Jackson***, 433 S.W.3d at 399.  However, a self-defense instruction "must be given when substantial evidence is adduced to support it[.]" ***Plunkett***, 487 S.W.3d at 482.  Defendant has cited no authority, and our independent research has not revealed any authority, supporting the proposition that the jury's right to disbelieve evidence is the same thing as substantial evidence to support an instruction.

Defendant's second point is denied.

### Decision

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS